## THE PRESIDENTE WILSON.

District Court, D. Massachusetts. January 31, 1929.

Nos. 82, 84–87, 92.

R. Chandler Davis, of Gloucester, Mass., for libelant Morey.

MacInnis & Wonson, of Gloucester, Mass., for libelants White, Vogler, and Horton.

Carlton W. Wonson, of Gloucester, Mass., for libelant Calder.

Loomis & Ruebush, of New York City and Putnam, Bell, Dutch & Santry, of Boston, Mass., for claimant.

MORTON, District Judge. ■ These are six libels to recover damages for deaths caused by a collision on the high seas, occurring on October 29, 1927, between the Italian steamship Presidente Wilson and the American fishing schooner Avalon, whose home port was in Massachusetts. The Avalon sank and ten of her crew were drowned. The case is here on exceptions to the libels, which raise certain formal points—which are not of much importance—and the basic question whether on the facts stated the libelants are entitled to recover. The practice in this district permits raising these questions in this way.

■ All the libels allege that by the law of Italy damages for death are recoverable on the facts stated. This brings these cases within the provisions both of section 1 and section 4 of the Act of March 30, 1920 (41 Stat. 537; 46 USCA §§ 761, 764), and within the decision in favor of the libelants in The Buenos Aires, 5 F.(2d) 425 (C. C. A. 2d), affirming The Windrush (D. C.) 286 F. 251. The libels are clearly good in substance. Where the law of both countries to which the colliding ships belong, as well as of most other maritime nations (see 5 F.(2d) at page 436), allows recovery for wrongful death on the high seas, there is no good reason for not recognizing it as the general maritime law applying to the accident (see Powers, Adm'x, v. Cunard S. S. Co., 1925 A. M. C. 1047, and The Hamilton, 207 U. S. 398, 28 S. Ct. 133, 52 L. Ed. 264).

■ Formal objections to the libels are made upon the ground that the foreign law is not categorically set forth; but in my opinion the allegations are sufficient as they stand. The averment of Massachusetts law, which is also objected to, is unnecessary, and inartificial, as the federal courts take judicial notice of state laws; but it does no harm, and is not worth arguing about.

The exceptions to each of the libels are all and severally overruled.